(29 Misc. Rep. 87.)

## In re LABRAKE.

(Supreme Court, Special Term, St. Lawrence County. September, 1899.)

SHERIFFS AND CONSTABLES—COMPENSATION FOR DEFENDING SUITS IN OFFICIAL CAPACITY—STATUTES—CONSTRUCTION.

Laws 1899, c. 700, providing for the defrayal by counties and cities of expenses of legal proceedings incurred by any one of their officials who shall successfully defend any action to convict him of any crime in the performance of or in connection with his official duties, does not provide for reimbursing a constable indicted as an individual for killing a man whom he had attempted to arrest, and acquitted on the ground that the killing was accidental.

Application of Samuel Labrake, under Laws 1899, c. 700, for the payment by Franklin county of expenses incurred in defending an indictment for murder in the second degree. Denied.

R. M. Moore, for applicant.

G. H. Main, for Franklin county.

RUSSELL, J. It will not be necessary to gravely consider the limits of the power of the legislature of the state of New York in determining whether chapter 700 of the Laws of 1899, providing compensation for prosecuted officials, is unconstitutional, in that it apparently applies, by force of an ex parte proceeding, the public moneys to private use or indemnity. The imperfection of human language, which often becomes manifest, even in legislative enactments, framed as they are with the utmost of care and skill, to make plain the exact meaning, and prevent, under general phraseology, hidden results, not apparent from the casual reading by the legislators, is such that we must always take into consideration the necessity of a rational construction, not only to avoid the improper application of public moneys in a way that no member of the legislature intended, but also to prevent the consummation of injustice. Riggs v. Palmer, 115 N. Y. 506, 22 N. E. 188; Smith v. People, 47 N. Y. 331. This enactment of the legislature must have been founded upon some special and peculiar state of affairs. We find that no notice is to be given to the municipality which is required to pay the expenses of an official who has been successful in frustrating an attempt to remove him from office, or is acquitted upon an indictment

for crime committed in the performance of or in connection with his official duties. There must be some grave reason for the omission to allow the payor to be represented in the effort to fix a liability upon it or in the determination of the amount. There must be also some adequate reason which was present in the minds of the legislators for a law to indemnify an individual from the expenses of a litigation which were incurred while he was an official. These special and peculiar reasons were not designed to found a rule of public policy, for we also find in the act itself a limitation of benefit for its remedial and generous provisions to those officials who have been so unjustly burdened by prosecutions in the past, or who should be within three months of the passage of the act. He who might suffer the loss of his whole estate because of unfounded persecution, after the 25th of August, 1899, must bear the burden, while his more favored brother, whose expense was incurred the day before, received full indemnity, whether the prosecution was by the county or municipality paying, or was instigated and carried on by private complaint. Hence it is conclusive that grave public reasons, known to the legislature, impelled the discrimination in favor of a class then existing, who had suffered from persecution to an extent possibly approaching martyrdom, which reasons did not exist for similar relief in favor of persons afterwards attacked, even to the extent of an effort to remove from office or to punish for crime, though the acts constituting the crime were committed in the line of official duty. We are not required to fathom those reasons or the purposes of the legislature beyond the necessity of investigation for the present occasion. Under no conceivable view of the scope of the act may we deem that it applies in favor of a constable who killed a person he was seeking to arrest, and whose defense rested upon the proof that he had abandoned the effort to arrest, and was moving away from the presence of the deceased, at the time he was attacked, and who thereupon by accident shot the person attacking him. The indictment was purely upon the theory that Labrake killed Ransom as an individual, and not as an officer, and the defense fully accepted the charge as such, and demonstrated, at least sufficiently to raise a reasonable doubt, that the act was an accident of the individual. We may also observe, in the limitation of the act for official indemnification, that no effort is made to compel payment for successful defenses by officers in civil actions where they are charged with wrongful conduct in the line or under the guise of official action. Whether the present act is a step in that direction or not, it does not go so far, while the reason for indemnity in such cases might be as strong as in the case of ordinary criminal prosecutions, where an acquittal comes if there is any reasonable doubt. Therefore, giving, as we must, a rational construction to this act of the legislature, without venturing upon the question of its constitutionality, we must inevitably hold that it was not intended to provide compensation for officers indicted as individuals for criminal conduct, even though the events connected with the occasion for the indictment were in some manner affected by the official station of the applicant, and the motion for a reference is accordingly denied.

Motion denied.